# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOSAIC BRANDS OF NEW YORK, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : Civil Action No. <br> : <br> EXTRA VIRGIN FOODS INCORPORATED, : <br> : <br> Defendant. : |  |

## COMPLAINT

Plaintiff Mosaic Brands of New York, LLC ("Plaintiff"), by and through its undersigned attorneys, for its complaint against the defendant Extra Virgin Foods Incorporated ("Defendant"), alleges as follows:

## NATURE OF ACTION

1.  This is an action for trademark infringement, unfair competition, and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and the statutes and common law of the Commonwealth of Massachusetts.

## THE PARTIES

2.  Plaintiff Mosaic Brands of New York, LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 575 8th Avenue, 23rd Floor, New York, New York 10018.

3. Upon information and belief, Defendant Extra Virgin Foods Incorporated is a corporation organized and existing under the laws of the state of Massachusetts with a principal place of business located at 71 Arlington Street, Watertown, Massachusetts 02472.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (unfair competition claims) because Plaintiff's claims arise under the laws of the United States, specifically under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the Commonwealth of Massachusetts because those claims are substantially related to the same acts giving rise to the federal claims.

5. This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district; (ii) Defendant is located within this judicial district; and (iii) and each party does substantial business within this judicial district. This Court also has personal jurisdiction over Defendant under G.L. ch. 223A § 3, because Defendant has committed and continues to commit acts of trademark infringement and unfair competition while using a mark confusingly similar to Plaintiff's mark to conduct or solicit business through advertising, marketing and promoting of confusingly similar products in Massachusetts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff's claims arise in this judicial district, Defendant is located in this judicial district, each party does substantial business in this judicial district, witnesses and evidence are located within this judicial district, and many of the acts complained of herein have taken place in this judicial district, including, but not limited to, Defendant's substantial sales of goods sold under the infringing mark within this judicial district.

5465681.1

## FACTS COMMON TO ALL CLAIMS

## PLAINTIFF'S MT. ATHOS GREEN OLIVES MARK

7. Plaintiff is a leading importer, exporter and distributor of high end food products and has been in business since at least as early 1996. Plaintiff specializes in olives and other food products that originate from Greece.

8. Plaintiff is the owner of the registered trademark MT. ATHOS GREEN OLIVES which it uses in connection with its sale of olives. Plaintiff has continuously used its MT. ATHOS GREEN OLIVES mark since at least as early as 1996.

9. Plaintiff is the owner of the following Incontestable United States Trademark Registration for its MT. ATHOS GREEN OLIVES mark: MT. ATHOS GREEN OLIVES, Reg. No. 2,617,314 in International Class 29 for processed olives. A printout of Plaintiff's trademark registration for its MT. ATHOS GREEN OLIVES mark is attached hereto at **Exhibit A**.

10. Plaintiff has a long-standing and impeccable reputation as an importer of Greek food products in the United States. Plaintiff has numerous partners in the food industry in Greece. Plaintiff's long history of providing extremely high quality Greek food products has earned Plaintiff and its various trademarks an extensive amount of goodwill.

11. Plaintiff's principals are extremely familiar with the country of Greece, its cuisine and the wide variety of food products that come from different regions across the country. Mt. Athos is a mountain and a peninsula located in the Halkidiki region of Northern Greece. Mt. Athos is known for its mountainous terrain and a thousands of years old monastery located there. Mt. Athos itself, however, is not known for olives.

12. Plaintiff has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its goods sold under its MT. ATHOS GREEN OLIVES mark throughout the United States. As a result of Plaintiff's substantial advertising,

marketing and promotional efforts, its MT. ATHOS GREEN OLIVES mark has acquired substantial consumer recognition and goodwill. The MT. ATHOS GREEN OLIVES mark has become an important source indicator which identifies the quality goods provided by Plaintiff. For all of the foregoing reasons, the MT. ATHOS GREEN OLIVES mark is an exceedingly valuable asset of Plaintiff.

13. Plaintiff's Greek food products, including its olives sold under the MT. ATHOS GREEN OLIVES mark, are sold through a wide range of trade channels, including specialty food stores and many large grocery store chains and online resellers. As a result, consumers have come to recognize and associate the MT. ATHOS GREEN OLIVES mark with Plaintiff.

## **DEFENDANT'S INFRINGEMENT**

14. Many years subsequent to Plaintiff's first use of its MT. ATHOS GREEN OLIVES mark, and long subsequent to Plaintiff's MT. ATHOS GREEN OLIVES mark acquiring substantial public recognition as identifying and distinguishing Plaintiff's goods from those of others, Defendant began using the confusingly similar mark MT. ATHOS HALKIDIKI OLIVES in connection with its sale of identical goods, namely olives; Halkidiki being the region in Greece that is known for olives.

15. Defendant is using the confusingly similar mark on its product packaging for its olives and has displayed the confusingly similar mark prominently on Defendant's website and in connection with its online advertising.

16. Defendant's use of the confusingly similar mark MT. ATHOS HALKIDIKI OLIVES is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods. As a result of Defendant's use of the confusingly similar mark, consumers are likely to believe that Defendant's goods are provided by, or sponsored by, or approved by, or

5465681.1

licensed by, or affiliated with or in some other way legitimately connected to Plaintiff, when they are not.

17.     The acts of Defendant complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

### PLAINTIFF'S NOTICE TO DEFENDANT

18.     In May of 2015, Plaintiff learned that Defendant was using the infringing mark MT. ATHOS HALKIDIKI OLIVES in connection with its goods.  On May 27, 2015, Plaintiff sent Defendant a cease and desist letter demanding that it immediately cease and desist from any and all use of the MT. ATHOS HALKIDIKI OLIVES mark in connection with its goods.

19.     Defendant has failed to comply with the demands set forth in Plaintiff's May 27, 2015 letter and continues to utilize the confusingly similar infringing mark in connection with the sale of its goods, as well as in the advertising, promotion and marketing of its goods, thereby leaving Plaintiff with no other choice but to commence the present lawsuit.

### COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114, Section 32 of the Lanham Act

20.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

21.     Defendant, through its conduct described above, is selling goods via interstate commerce under a mark that is a colorable imitation of Plaintiff's registered MT. ATHOS GREEN OLIVES mark, which is likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

5465681.1

22. Upon information and belief, Defendant has committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its MT. ATHOS GREEN OLIVES trademark.

23. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### Unfair Competition Under 15 U.S.C. §1125(a), Section 43(a) of the Lanham Act

24. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

25. Defendant, through its conduct as described above, is selling goods under a colorable imitation of Plaintiff's protected MT. ATHOS GREEN OLIVES mark, which is likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

26. Defendant has committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use of, and rights in, its MT. ATHOS GREEN OLIVES mark.

27. As a result of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

### Trademark Infringement Under Mass. G.L. ch. 110H

28. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

5465681.1

29.     Plaintiff owns and enjoys common law rights in its trademark which are superior to any rights Defendant may claim to any similar mark.

30.     As such, Plaintiff's MT. ATHOS GREEN OLIVES mark is entitled to protection under Mass. G.L. ch. 110H, § 13.

31.     Defendant's unauthorized use of Plaintiff's mark in Massachusetts was intended to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship or approval or Defendant's goods.

32.     Defendant's infringement of Plaintiff's mark has been willful, wanton, reckless and done with full knowledge and disregard of Plaintiff's prior use and rights in its mark.

33.     Defendant's unauthorized use of a mark confusingly similar to Plaintiff's mark in Massachusetts has caused and will continue to cause substantial and irreparable injury to Plaintiff's business reputation unless Defendant's use of the mark is enjoined by this Court.

34.     Plaintiff is entitled to injunctive relief to enjoin Defendant's further use of Plaintiff's marks under Mass. G.L. ch. 110H, § 13.

## COUNT IV

**Trademark Infringement Under Massachusetts Common Law**

35.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

36.     Plaintiff owns and enjoys common law rights in its MT. ATHOS GREEN OLIVES mark which are superior to any rights Defendant may claim to any similar mark.

37.     Defendant's unauthorized use of a mark that is confusingly similar to Plaintiff's mark in connection with offering, marketing, advertising and providing the exact same goods is and has been committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable

goodwill in its mark that Plaintiff created through continuous usage of its mark since as early as 1996.

38. Defendant's unauthorized use of a mark that is confusingly similar to Plaintiff's mark will cause confusion or mistake and will deceive consumers as to the source of origin of such goods.

39. Defendant's acts and conduct as set forth herein constitutes trademark infringement in violation of Massachusetts common law.

40. Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts.

41. Defendant's wrongful and infringing activities have intended to cause, have caused and unless enjoined by this Court will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill.

42. Defendant's conduct as described above has been willful, wanton, reckless and in violation of Plaintiff's rights.

43. Based on the foregoing, Plaintiff is entitled to a permanent injunction enjoining Defendant from using Plaintiff's mark and to damages in an amount to be proven at trial.

## COUNT V

### Unfair Competition Under Massachusetts Common Law

44. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

45. Plaintiff owns and enjoys common law rights in its MT. ATHOS GREEN OLIVES mark which are superior to any rights Defendant may claim to any similar mark.

46. Plaintiff is the legal owner of its mark, has not abandoned its mark since its first use in 1996 and Plaintiff continues to use its mark. Despite knowledge of Plaintiff's ownership interests in its mark, Defendant has intentionally used and continues to use in interstate commerce Plaintiff's mark without Plaintiff's permission.

47. Defendant has engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich itself by misappropriating Plaintiff's rights to Plaintiff's mark and Defendant's unauthorized use of Plaintiff's mark in connection with offering, marketing, advertising and providing the exact same goods is and has been committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable goodwill in its mark that Plaintiff created through continuous usage of its mark over the past ten years.

48. Defendant's unauthorized use of Plaintiff's mark creates a false association between Defendant and Plaintiff will cause confusion or mistake and will deceive consumers as to the source, quality, and nature of Defendant's goods.

49. Defendant has engaged in unfair competition by using a mark confusingly similar to Plaintiff's mark, associated goodwill, and other intangible rights of Plaintiff without permission in an attempt to pass off Defendant's goods as coming from, being sponsored by, and/or affiliated with Plaintiff. Defendant's acts and conduct as set forth herein constitutes unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and violation of Massachusetts common law.

50. Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts.

51. Defendant's wrongful and unfair activities have intended to cause, have caused and unless enjoined by this Court will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill.

52. Defendant's conduct as described above has been willful, wanton, reckless and in violation of Plaintiff's rights.

53. Based on the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant from using Plaintiff's mark or any mark confusingly similar thereto and to damages in an amount to be proven at trial.

### COUNT VI

**Unfair Methods of Competition/Deceptive Acts or Practices in
Violation of Massachusetts General Law Ch. 93A**

54. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

55. Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts within the meaning of M.G.L. ch. 93A.

56. The acts complained of herein in violation of M.G.L. ch. 93A occurred primarily and substantially in the Commonwealth of Massachusetts.

57. Defendant's unauthorized use of a mark confusingly similar to Plaintiff's mark in connection with offering for sale, marketing, advertising and providing the exact same goods as Plaintiff is and has been committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable goodwill in its mark that Plaintiff created through continuous usage of its mark since 1996.

58. Defendant is using the confusion between its mark and Plaintiff's mark in a coordinated attempt to take over the goodwill and reputation of Plaintiff.

10

5465681.1

59. Defendant's acts set forth herein constitute unfair method of competition and unfair or deceptive practices in violation of M.G.L. ch. 93A, §§ 2 and 11.

60. Defendant and/or its agents or representatives' unfair and deceptive trade practices were knowing and willful.

61. As a result of Defendant's actions as alleged herein, Plaintiff has suffered and will continue to suffer a loss of money.

62. As a result of Defendant's violations of Chapter 93A as alleged herein, Plaintiff is entitled to damages in an amount to be proven at trial, such amount to be doubled or trebled, and an award of reasonable attorney's fees and costs as provided by statute.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendant as follows:

1. That Defendant, its officers, agents, servants, distributors, affiliates, parent companies, subsidiaries, employees, attorneys and representatives and all those in privity or acting in concert with Defendant be permanently enjoined and restrained from, directly or indirectly:

   (a) Using the mark MT. ATHOS HALKIDIKI OLIVES or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the provision of their goods;

   (b) Using in any other way any other marks or designations so similar to Plaintiff's aforesaid MT. ATHOS GREEN OLIVES mark as to be likely to cause confusion, mistake or deception;

   (c) Falsely designating the origin, sponsorship, or affiliation of Defendant's goods in any manner;

(d) Otherwise competing unfairly with Plaintiff in any manner;

(e) Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(f) Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

(g) Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2. That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117, Mass. G.L. ch. 93A and other applicable law because of the willful and unlawful acts as alleged herein.

3. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein pursuant to 15 U.S.C. § 1117, and Mass. G.L. ch. 110H and other applicable law.

4. That Defendant, pursuant to 15 U.S.C. § 1118, be required to deliver up for destruction or show proof of said destruction all products in the possession, custody or control of Defendant sold under or bearing the mark MT. ATHOS HALKIDIKI OLIVES or which infringes Plaintiff's rights in its MT. ATHOS GREEN OLIVES mark.

5. That Defendant be required to deliver for destruction all stationary, signs, advertisements, promotional flyers, cards, brochures, promotional materials and any other written materials which bear the infringing mark together with all plates, molds, matrices and other means and materials for making or reproducing the same, and that Defendant be required to

5465681.1

remove any and all online advertising or other web content which bears or includes the infringing mark.

6.     That Defendant be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action as provided in 15 U.S.C. § 1117, and G.L. ch. 93A and other applicable law.

7.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Mosaic Brands of New York, LLC, Plaintiff
By its attorneys:

*/s/ David Kluft*
David A. Kluft (BBO #658970)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Facsimile: (617) 832-7000
*dkluft@foleyhoag.com*

-and-

Co-counsel for Plaintiff
Chiesa Shahinian & Giantomasi
Ronald L. Israel, Esq. (*pro hac vice petition forthcoming*)
Melissa A. Salimbene, Esq. (*pro hac vice petition forthcoming*)
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
Facsimile: (973) 325-1501
*risrael@csglaw.com*

Dated:  September 17, 2015

5465681.1